16 F.3d 1226
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff/Appellee,
v.
Rickey W. WINEMILLER, Defendant/Appellant.
 No. 93-1660.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 19, 1994.*
Decided Jan. 20, 1994.
 
 Before CUMMINGS, KANNE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Rickey W. Winemiller pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g). Although the plea agreement contemplated Winemiller's offense level to be 18, the district court enhanced the offense level by four points because it found that Winemiller's possession of the firearm was in connection with the commission of another felony offense described infra. U.S.S.G. Sec. 2K2.1(b)(5). Winemiller was sentenced to 84 months of imprisonment. On appeal, he challenges the four-level increase under Sec. 2K2.1(b)(5).
 
 
 2
 The relevant events occurred when Winemiller attended a New Year's Eve party hosted by Bryan Wyant. John Brookshire, a guest at the party, testified that he heard several gun shots soon after Winemiller got up to leave the party. While he did not remember the exact number, Brookshire believed that it was three or four shots. As he went outside, he saw Winemiller holding Wyant by the throat with a gun to Wyant's head. Brookshire then approached Winemiller from behind and wrestled him to the ground. A scuffle ensued involving Winemiller, Brookshire, Wyant and two other guests. According to Brookshire, Winemiller tried to point the gun at his head and fired three or four shots during the scuffle, one grazing Wyant and another hitting Brookshire in the arm. Thereafter, the police arrived at the scene, recovered the gun, and found two spent cases and a clip with three live rounds in it. Winemiller pleaded guilty in state court to aggravated battery as a result of this incident.
 
 
 3
 Winemiller's version of the facts differs drastically from Brookshire's. He testified that Wyant jumped on him as he was leaving the party. He grabbed Wyant by the throat and hit him with a beer mug. In the scuffle that ensued between himself and four others, Winemiller felt the pistol that was in his pocket pressing against his ribs as the attackers rolled him over on the ground. He then pulled the pistol out, inserted a clip and fired it in the air to ward off the attackers. Another shot was fired when one of the attackers grabbed his arm causing the gun to discharge. The district court did not believe Winemiller's story, finding it incredible that Winemiller could get the gun and the clip separately out of his pocket, put it together with all the scuffling going on, and then fire the weapon.
 
 
 4
 Winemiller argues that his version of events is the more credible one because the government's version is refuted by the physical evidence. According to Brookshire's testimony, at least six shots were fired from Winemiller's gun but only two casings were found at the scene. Moreover, given that the gun's maximum capacity was seven rounds and the clip still had three live rounds in it, it was impossible that Brookshire's testimony about the number of the shots fired could be true. Thus, Winemiller contends that Brookshire is not a credible witness. The district court, however, found that although only two casings were discovered, it was possible that the other casings were ejected a long distance from the semi-automatic pistol and therefore could not be discovered. Although the district court determined that only three or four shots had been fired from the gun, it found Brookshire's testimony to be more credible.
 
 
 5
 We review the district court's Sec. 2K2.1(b)(5) enhancement for clear error, giving due deference to the district court's application of the guidelines to the facts. 18 U.S.C. Sec. 3742(e); United States v. Kelly, 991 F.2d 1308, 1316 (7th Cir.1993). To the extent that Winemiller challenges the credibility of Brookshire, he cannot succeed because "credibility judgments of witnesses are left to the sound discretion of the district court." United States v. Campbell, 985 F.2d 341, 347 (7th Cir.1993). See also Anderson v. Bessemer City, 470 U.S. 564, 574 (1985) (fact-finder's choice between two permissible choices cannot be clearly erroneous). By a preponderance of the evidence, United States v. Banks, 964 F.2d 687, 692 (7th Cir.), cert. denied, 113 S.Ct. 470 (1992), the district court could find that Winemiller intentionally fired the gun with the intent to wound another, and thus, that the possession of the firearm was in connection with a felony offense, warranting a Sec. 2K2.1(b)(5) enhancement.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record